UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

    -v-                                 No.  21-CR-00592-LTS-4

MOHAMED ELMANDOUH,

        Defendant.

-------------------------------------------------------x

## ORDER

On November 16, 2023, Mr. Elmandouh was sentenced principally to three years' probation after pleading guilty to participating in a conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349.[1]  (Docket entry no. 250, at 1-2.)  The sentence of probation included several special conditions, including six months' home detention and 150 hours of community service.  (Id. at 4.)  Mr. Elmandouh was also ordered to: (1) pay $98,553.40 in restitution, with an initial $5,000 due by December 31, 2023 and monthly installments of at least 10% of his gross income thereafter, beginning on February 15, 2024[2] (docket entry no. 246, at 1-2), and (2) forfeit $40,194.40, which represented the proceeds traceable to the commission of his crime (docket entry no. 278).

---

[1]     Defendant's supervision ends on November 15, 2026.

[2]     Defendant's obligation to pay $98,553.40 in restitution is joint and several with his co-defendant Junyi Liu.  (Docket entry no. 246, at 1.)

Mr. Elmandouh now moves for early termination of his probation under 18 U.S.C. section 3564(c).  (Docket entry no. 444.)  The Government opposes Mr. Elmandouh's motion. (Docket entry no. 446.)  For the reasons discussed below, Mr. Elmandouh's motion is denied.

DISCUSSION

Under 18 U.S.C. section 3564(c), the Court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  In determining whether early termination of probation is warranted, the Court must consider the "factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3564(c).  Mere compliance with the terms of probation and the law is insufficient to justify termination.  See United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); see also United States v. Olivieri, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. Rather, full compliance with the terms of supervised release is what is expected of the defendant and does not warrant early termination.  In addition, obtaining productive employment, while laudable, does not justify the termination of supervision." (internal quotation marks, brackets, alteration, and citations omitted)).  Probation should only be terminated "when general punishment goals would be better served by a modification."  United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997).

Mr. Elmandouh proffers that he has complied with his special conditions of home detention and community service, that he has been current with his restitution payments, that he

has secured employment, and that he has less than half a year remaining of probation.  (Docket

entry no. 444.)  According to Mr. Elmandouh, he seeks early termination "primarily to have the

flexibility to travel to Egypt, possibly for an extended period, to help care for his ailing 75

year-old mother who is suffering from coronary artery disease and hypertension."  (Id. at 2.)

 While Mr. Elmandouh's compliance with the terms of his probation is "laudable,"

it "does not constitute the type of exceptional behavior entitling a defendant to early

termination."  United States v. Bailin, No. 05-CR-0048-SWK, 2008 WL 4279521, at *1

(S.D.N.Y. Sept. 18, 2008).  Nor does Mr. Elmandouh's desire to travel to Egypt warrant early

termination.  Mr. Elmandouh has not made any travel requests, and there is no indication that

Probation or the Government would oppose a modification of the terms of his probation to

permit him to travel to Egypt to care for his mother.  (See docket entry no. 308 (approving Mr.

Elmandouh's request to travel from July 21, 2024 to August 17, 2024 to visit Saudi Arabia for

religious observance and to visit Egypt to see family).)

 Accordingly, Mr. Elmandouh's request for early termination of probation is

denied.  Docket entry no. 444 is resolved.

  SO ORDERED.

Dated: New York, New York
  June 15, 2026

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge